RECEIVED
JUDICIAL ADMINISTRATOR

1991 OCT 28  A 11: 49

STATE OF LOUISIANA                    CRIMINAL DISTRICT COURT

        VS                            PARISH OF ORLEANS

LEONARD NELSON                        CASE NO. 344-648, "H"


        TRIAL ON THE MERITS IN THE ABOVE NAMED AND

        NUMBERED MATTER HELD IN OPEN COURT ON MARCH 3,

        1991, BEFORE THE HONORABLE JAMES F. MC KAY, III

                JUDGE PRESIDING, SECTION "H"

---

APPEARANCES:

        MARY MC DONALD        ASSISTANT DISTRICT ATTORNEY

        ROBIN O'BANNON        ASSISTANT DISTRICT ATTORNEY

                              FOR THE STATE OF LOUISIANA

        CLYDE MERRITT, ESQ.   ATTORNEY FOR THE DEFENDANT,

                              LEONARD NELSON

        JOHN RUSKIN, ESQ.     ATTORNEY FOR THE DEFENDANT,

                              LEONARD NELSON

---

REPORTED BY:  MIRIAM B. GEERKEN
              CERTIFIED SHORTHAND REPORTER

VOIR DIRE

REPORTER'S NOTE:

THE FOLLOWING ASSIGNMENTS OF ERROR WERE NOTED IN THE VOIR DIRE EXAMINATION OF THE JURORS.

BY MR. MERRITT:

CAN I TAKE IT THAT EACH OF YOU HAVE AN IDEA NOW THAT THE STANDARD OF PROOF IS PROOF BEYOND A REASONABLE DOUBT, AND YOU CERTAINLY DON'T KNOW WHAT IT IS. THE JUDGE HASN'T CHARGED YOU. IT WOULD BE A COMMON SENSE APPROACH TO IT UNDERSTANDING WHAT IT IS. I THINK YOU WOULD HAVE TO AGREE THAT STANDARD BEFORE YOU MAKE A DECISION AS. TO ELIMINATE ALL ELEMENTS OF DOUBT BEYOND A REASONABLE DOUBT IS PERHAPS A STANDARD THAT YOU HAVE NEVER USED BEFORE/MAKING A DECISION IN. IS THAT FAIR TO SAY? YES, MA'AM?

BY A JUROR:

I NEVER WANTED TO BE ON A JURY DUTY ON A MURDER TRIAL. I JUST BE WONDERING IF I MADE A MISTAKE.

BY THE COURT:

FIRST OF ALL, REMEMBER, MADAM, THAT THIS THING IS ... IF YOU CONVICT THE DEFENDANT AND IF YOU FIND THAT HE SHOULD GET THE DEATH PENALTY, IT GOES THROUGH A WHOLE GAUNTLET OF APPEAL PROCESSES, ETCETERA, ETCETERA.

BY MR. MERRITT:

OH, NO, YOUR HONOR. I MOVE FOR A MISTRIAL.

BY THE COURT:

3

LET ME SAY THIS.

BY MR. MERRITT:

I MOVE FOR A MISTRIAL, YOUR HONOR.

BY THE COURT:

AND I DENY THAT.

BY MR MERRITT:

ALL RIGHT.

BY THE COURT:

MADAM, YOU CAN'T HAVE A JURY SYSTEM WHERE YOU SECOND GUESS YOURSELF. YOU RAISED CHILDREN, YOU KNOW; YOU DO RIGHT. GOD KNOWS WE HOPE YOU DO. WE ONLY ASK WHAT'S THE BEST YOU CAN DO AND THE BEST YOU CAN PRESENT. WHAT HAPPENS IF YOU DO MAKE A MISTAKE? THAT'S WHY IT'S VERY, VERY IMPORTANT THAT YOU DON'T MAKE A MISTAKE. ALL RIGHT? NOBODY IS INHUMAN . . . I MEAN, IS DIVINE. ALL RIGHT? PEOPLE MAKE MISTAKES. WE LIKE TO BELIEVE THAT THE SYSTEM WE HAVE SET UP AND THE APPELATE SYSTEM THAT WE HAVE SET UP PRE- CLUDES THAT FROM HAPPENING, PRECLUDES THAT FROM HAPPENING. BUT IT'S SOMETHING THAT I CAN'T TELL YOU, THAT IT'S ABSO- LUTELY IMPOSSIBLE. I CAN'T TELL YOU THAT. AND IT COULD AFFECT YOUR ABILITY TO BE A JUROR. ALL RIGHT. LET'S MOVE ON. AND LET THE OBJECTION BE NOTED.

* * * * *

REPORTER'S NOTE:

THE FOLLOWING ASSIGNMENTS OF ERROR WERE NOTED AT THE

4

                              CONCLUSION OF THE VOIR DIRE AND OUT OF
                              THE PRESENCE OF THE JURY.

BY THE COURT:
          YOU WANT TO ARGUE SOMETHING?
BY MR. MERRITT:
          YES, MAY IT PLEASE THE COURT, YES, YOUR HONOR.
                              DURING THE SELECTION OF THE VOIR DIRE
                              THE COURT MADE IT CLEAR THAT WE COULD
                              MAKE OUR OBJECTIONS THAT WE MAY HAVE
                              HAD AT THE JURY SELECTION PROCESS AND
                              IT WOULD BE CONTEMPORANEOUS, CONSIDERED
                              TO BE CONTEMPORANEOUS, BY DELAYING UNTIL
                              THIS TIME.
BY THE COURT:
          THAT'S CORRECT.
BY MR. MERRITT:
          AT THIS TIME WE'D OBJECT TO EACH OF THE JURORS
                              EXCUSED ON THE BASIS OF CAUSE ON
                              THEIR WITHERSPOON BELIEFS FOR THE
                              TWO REASONS.  1.  IT WAS AN UNCONSTI-
                              TUTIONAL SELECTION OF THE JURY.  AND
                              SECOND, THIS IS NOT A FIRST DEGREE
                              MURDER CASE.  AND I'VE GOT THE BENEFIT
                              OF SOMETHING OTHER THAN FIRST DEGREE
                              MURDER CASE SELECTING ... TAKING AD-
                              VANTAGE OF A WITHERSPOON JURY.
BY THE COURT:
          ALL RIGHT.  IT'S DENIED.  LET THE RECORD REFLECT YOUR
                              ARGUMENT.  NEXT.
BY MR. MERRITT:

THERE WERE THREE CAUSE CHALLENGES MADE ON BEHALF OF THE DEFENSE

BY THE COURT:

ONE WAS GRANTED, AND TWO WERE NOT.  ROBERT BUTLER, JUROR 49, WAS GRANTED.

BY MR. MERRITT:

KIRK ROTH, 313.

BY THE COURT:

KIRK ROTH.  CORRECT.  DENIED.

BY MR. MERRITT:

ROBERT BUTLER.

BY THE COURT:

THIRTY WHO?

BY MR. RUSKIN:

OH, I'M SORRY.

BY THE COURT:

BUTLER WAS GRANTED.  KIRK ROTH WAS DENIED.  WHO'S THE OTHER ONE?

BY MR. RUSKIN:

NO. 32, BERNADINE BORNE, ON PAGE 2.

BY THE COURT:

BERNADINE BORNE, YES.  SHE WAS DENIED, ALSO.

BY MR. MERRITT:

NUMBER 1.

BY THE COURT:

WHO?

BY MR. MERRITT:

NUMBER 1.

BY THE COURT:

CHERLYNN D. ABERCROMBIE.

BY MR. MERRITT:

5 B

AND WE WILL ISSUE A <u>BATSON</u> CHALLENGE FOR EACH OF THE BLACK MALES AND BLACKS EXCUSED BY THE PROSECUTION.

BY THE COURT:

FOR THE BLACK MALES, BLACK WOMEN AND WHO ELSE?

BY MR. MERRITT:

THAT'S IT.

BY THE COURT:

ALL RIGHT. A <u>BATSON</u> CHALLENGE HAS BEEN MADE, MS. MCDONALD.

BY MS. MCDONALD:

YOUR HONOR, SHOULD I JUST TAKE ONE JUROR AT A TIME?

BY THE COURT:

I GUESS SO.

BY MS. MC DONALD:

OKAY. REGARDING CALVIN JOHNSON, STATE EXCUSED HIM UNDER THE BELIEF THAT, 1. HE WAS UN-RESPONSIVE TO THE STATE'S QUESTIONS. 2. HE SEEMED DISINTERESTED IN THE STATE'S QUESTIONS; AND 3. REGARDING PRIOR CONVICTIONS, ONE OF THEM (INAUDIBLE) DRUG CASES IN THE U.S. ARMY CORPS. THE STATE WOULD EXCUSE HIM ON THAT.

THE NEXT INDIVIDUAL... YOU'LL HAVE TO TELL ME WHO IT WAS.

BY THE COURT:

I'LL TELL YOU WHO IT WAS. KEITH ALEXIS. HE SAID "BLACKS" PERIOD.

BY MS. MC DONALD:

ON THAT SAME PAGE, JUDGE.

BY THE COURT:

6

OH, I'M SORRY. YOU WANT TO GO FROM THE BEGINNING. CALVIN JOHNSON. YOU DID THAT ALREADY. MELVINA MOLIERE.

BY MS. MC DONALD:

ALL RIGHT. THIS PERSON SAID A PERSON WITH A CONVICTION IS NOT TO BELIEVE AND LESS ... OR LESS LIKELY TO BE BELIEVED. STATE'S WITNESSES ARE INDIVIDUALS WITH CONVICTIONS. STATE WOULD CUT HER BASED ON THAT. SHE ALSO INDICATED THAT ALTHOUGH SHE MAY CONSIDER THAT, IT WOULD BE VERY HARD FOR HER, JUDGE.

BY THE OCURT:

LAVERNE WILLIAMS.

BY MS. MC DONALD:

YOUR HONOR, THIS INDIVIDUAL ALSO SAID WHILE SHE COULD CONSIDER THAT SHE WAS VERY, VERY OPPOSED TO THE THE DEATH PENALTY, AND ONLY AFTER BEING PRESSURED DID SHE SAY SHE COULD CONSIDER DEATH. SHE ALSO SEEMED DISINTERESTED IN THE STATE'S QUESTIONS.

BY THE COURT:

KEISHA ALEXIS.

BY MS. MC DONAL:

KEISHA ALEXIS. SHE ALSO WAS NOT INTERESTED IN THE STATE'S QUESTIONS, AND WHEN STATE WOULD INDIVIDUALLY QUESTION HER SHE WAS NOT RESPONSIVE.

BY THE COURT:

MALCOLM STEWART.

7

BY MS. MC DONALD:

ALSO, NOT RESPONSIVE TO THE STATE'S QUESTIONS, YOUR HONOR. ALSO, HE'S 24 YEARS OLD, AS WELL AS THE DEFENDANT IS 24 YEARS OLD. STATE·FEELS THAT HE MIGHT SIDE BECAUSE HE'S SO CLOSE TO THE DEFENDANT'S AGE HE WOULD DECIDE BECAUSE OF THE YOUTH OF THE OFFENDER.

BY THE COURT:

MINNIE BELL JOHNSON.

BY MS. MC DONALD:

OKAY. SHE WAS UNRESPONSIVE. SHE WAS NOT INTERESTED. SHE ALSO SEEMED TO BE SLEEPY. SHE ALSO STATED TO THE COURT, YOUR HONOR, THAT SHE WOULD NOT WANT TO MAKE A MISTAKE AND SHE WOULD ERR ON THE DEFENDANT'S SIDE.

BY THE COURT:

EMANUEL BOSEMAN.

BY MS. MC DONALD:

YOUR HONOR, ENMANUEL BOSEMAN SEEMED TO BE UNINTERESTED AND UNRESPONSIVE, AND I BELIEVE WE CUT A TEACHER EARLIER, AND I WOULDN'T WANT HIM TO THINK SINCE·WE CUT ONE TEACHER WE WOULD CUT ANOTHER TEACHER.

BY THE COURT:

CLARA NEVELS.

BY MS. MC DONALD:

CLARA NEVELS, YOUR HONOR, WHEN ASKED BY THE STATE DIFFERENT INDIVIDUAL QUESTIONS WAS VERY UNRESPONSIVE TO THE STATE. SHE ALSO

SEEMED UNINTERESTED IN THE PROCEEDINGS.

BY THE COURT:

ALL RIGHT.

BY MS. MC DONALD:

AND ... THAT'S IT.

BY THE COURT:

I THINK THAT ALL OF HER CUTS WERE REASONABLE. I
THINK YOU HAVE A GOOD MAKEUP OF THE
JURY, BLACK AND WHITE, FEMALE AND MALE.
WHAT ELSE? YOU HAD A MISTRIAL ARGUMENT.

BY MR. MERRITT:

YES, SIR. WHAT? YOU WANT THE ARGUMENT?

BY THE COURT:

WELL, I DENIED IT. DID YOU WANT TO PRESERVE THE RECORD?

BY MR. MERRITT:

THE STATEMENTS BY THE COURT ALONE. THE CASES HAVE
BEEN REVERSED IN LARGE NUMBER WHERE
THE JUDGE TELLS THE JURY THAT ANY MIS-
TAKE THEY MAKE IN REACHING A VERDICT
WILL BE CORRECTED BY THE APPELLATE
COURTS.

BY THE COURT:

CHECK MY ADMONISHMENT. ALL RIGHT. THE COURT WILL
STAND IN RECESS.

* * * * *


OPENING STATEMENTS

REPORTER'S NOTE:

THERE WERE NO ASSIGNMENTS OF ERROR NOTED IN EITHER
THE STATE'S OR THE DEFENSE'S OPENING
STATEMENTS.

9