RECEIVED
JUDICIAL ADMINISTRATOR
1992 JAN 28 A 9 26
CRIMINAL DISTRICT COURT

STATE OF LOUISIANA                    CRIMINAL DISTRICT COURT

    VS                                PARISH OF ORLEANS

LEONARD NELSON                        CASE NO. 344-648, "H"

COURT'S CHARGE TO THE JURY

IN THE ABOVE NAMED AND NUMBERED MATTER HELD IN

OPEN COURT ON MARCH 5, 1991, BEFORE THE HONORABLE

JAMES F. MC KAY, III, JUDGE PRESIDING, SECTION "H"

_____

APPEARANCES:

    MARY MC DONALD          ASSISTANT DISTRICT ATTORNEY
                            FOR THE STATE OF LOUISIANA
    ROBIN O'BANNON          ASSISTANT DISTRICT ATTORNEY
                            FOR THE STATE OF LOUISIANA
    CLYDE MERRITT, ESQ.     ATTORNEY FOR THE DEFENDANT,
                            LEONARD NELSON
    JOHN RUSKIN, ESQ.       ATTORNEY FOR THE DEFENDANT,
                            LEONARD NELSON

_____

Reported by:  Miriam B. Geerken
              Certified Shorthand Reporter

<u>COURT'S CHARGE TO THE JURY</u>

BY THE COURT:

Ladies and gentlemen, a person accused of a crime is presumed by our law to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. It is the duty of the jury in considering the evidence and applying that evidence, the laws given by the Court to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of a lack of evidence in the case.

It is the duty of the jury if not convinced of the guilt of the defendant beyond a reasonable doubt to find him not guilty. The defendant is not required to prove his innocence but may rest upon the presumption of innocence until it is overthrown by positive affirmative proof presented by the State. The burden, therefore, is upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant as to the crime charged. If you entertain a reasonable doubt as to any fact or element necessary to constitute the guilt of the defendant it is your sworn duty to give him the benefit of that doubt and return a verdict of not

2

guilty.  But this doubt must be a reasonable one, that is, one founded upon a real, tangible basis and not upon a mere caprice, fancy or conjecture.  It must be such a doubt as to give rise to an uncertainty raised in your mind by reason of the unsatisfactory character of the evidence.  Likewise, if the State has proved the guilt of the defendant to your satisfaction beyond a reasonable doubt, you should return a verdict of guilty.

The Bill of Indictment is a mere accusation against the defendant and is not evidence of guilt, and the fact that the Bill of Indictment has been filed against the defendant has no weight as proof and does not carry any presumption of guilt.  You must not be influenced by it in any way in considering this case.

The defendant having taken the witness stand and testifying in his own behalf is governed by the same rules in testing his credibility and the correctness of his statements as every other witness.  You have the right to believe or disbelieve him just as he impresses you as to the truth or falsity of his testimony.

In Louisiana, criminal intent may be specific or general.  Specific criminal intent is

3

that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed the desired criminal consequences to follow his act or failure to act. General criminal intent is present when-ever there is specific intent, and also, when the circumstances indicate that the offender in the ordinary course of human experience must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. In other words, ladies and gentlemen, intent is a state of mind, and it cannot be seen or photographed. Though intent is a question of fact, it need not be proved as a fact. It may be inferred from the nature and facts of the case. It may be inferred from the circumstances of the transaction. It may be inferred from all the circumstances established during the trial. Intent involves pre-meditation. Criminal intent exists when the act from which a crime results is done wilfully.

In criminal law a premeditation means a design or preconceived plan to commit a crime. It denotes the will and deliberate and continued persistence to commit a crime. It is immaterial whether the

4

intent or premeditation existede for a brief or great length of time before the commission of the crime. It is sufficient that the intent existed only a moment before the crime was committed. As to murder, the law requires no definite time frame within which the specific intent to kill or inflict great bodily harm must have been formed. The specific intent may have existed a moment before the act that caused death. Or it may have been formed a day before or anytime before the act which caused death.

Now, you, ladies and gentlemen, are the exclusive judges of the facts. You are to find from the evidence which facts have been proved and which facts have not been proved. And for this purpose, you determine the credibility of the witnesses accordingly as you are impressed with their veracity. You may take into account their demeanor, their manner on the stand, the probability or improbability of their statements, the interest or lact of interest they may have in the case and every circumstance surrounding the giving of their testimony which may aid you in weighing their statements. If you believe that any witness, either for the State or for the Defense, has woefully and

deliberately testified falsely to any material fact, then I charge you that you are justified in disregarding the entire testimony of such witness as proving nothing and is unworthy of belief.  You have the right to accept as true or reject as false the testimony of any witness accordingly as you are impressed with their veracity.

Under our law, you are not bound to decide any issues or fact by the number of witnesses presented by either the State or the Defense.  The question and the test is not which side brings the greatest number of witnesses or produces the greatest quantity of evidence but which witness and which evidence appear to your mind to be the most accurate and otherwise trustworthy.

No, you, the jury, alone should determine the weight and the credibility of the evidence.  Evidence includes sworn testimony of witnesses, exhibits admitted into the record and facts which may have been stipulated by the attorneys for the State and the Defense.  You cannot consider as evidence any statements made by lawyers during the trial.  However, if the attorneys have stipulated to any fact you will regard that fact as being conclusively proven.  You cannot

go beyond the evidence just referred to convict the defendant of the crime charged.

Now, you are the judges of the law, ladies and gentlemen, but in a different sense. You receive the evidence from the witnesses and you receive the law from the Court. And it is your duty to accept the law and to apply it as it is given to you by this Court.

Now, on questions involving a knowledge obtained only by means of special training or experience, the opinions of persons having such special knowledge are admissible as expert testimony. Every expert witness must state the facts upon which their opinions are based. The test of the competency of an expert is his knowledge of the subject about which he or she is called upon to express an opinion, and before any witness can give evidence as an expert their competency so to testify must have been established to the satisfaction of the Court. Where experts differ the best supporting inferences should be adopted. And finally, insofar as expert testimony is concerned, you are to take it and consider it as you do all of the other evidence. Examine it as I have instructed you on the

7

testimony of any other witnesses on the witness stand.

There are two methods by which facts can be established. These are direct and circumstantial evidence. Direct evidence is the evidence of certain facts bearing directly and without inference upon the questions at issue or the facts to be proved. Circumstantial is the evidence of certain facts from which are to be inferred the existence of other material facts bearing upon the questions at issue or the facts to be proved. This evidence is legal and competent, and when of such a character as to exclude every reasonable hypothesis of defendant's innocence is entitled as much weight as direct evidence. Where a conviction is sought upon either circumstantial evidence alone or a combination of circumstantial and direct evidence, it must not only be shown to be evidence presented as true but also, absolutely incompatible upon any reasonable ground with the innocence of the accused and incapable of explanation upon any reasonable ground other than that of the guilt of the accused. The evidence regarding prior convictions of the defendant may not be considered by you as evidence of his guilt

8

in this present case. The defendant's prior convictions may only be con- sidered by you as regards the credibility of his testimony.

The defendant is charged with the crime of first degree murder. There are four verdict responses to this charge. They are guilty, guilty of second degree murder, guilty of manslaughter and not guilty. You shall be instructed on each verdict in turn.

First degree murder is the killing of a human being when the offender has the specific intent to kill, and the killing takes place when the offender was committing or attempting to commit an armed robbery. An armed robbery is the taking of some- thing of value either from the person of another or which is in the immediate control of another by means of force or intimidation while the offender is armed with a dangerous weapon. A dangerous weapon is just what it sounds like -- any instrumentality which may cause some type of bodily harm. I have already informed you of the nature of attempted crimes. Very briefly, an attempt takes plce when an offender with the specific intent to commit a certain offense does or omits some action de- signed to accomplish this intention.

So, to find the defendant guilty as charged of first degree murder you must find that, 1. He killed the victim. 2. That he did so with the specific intent to kill or inflict great bodily harm. And, 3. That the killing took place during the commission or attempted commission of an armed robbery. 4. That this took place in this parish on or about the date specified in the Bill of Indictment.

The second verdict responsive to this charge is that of second degree murder. Second degree murder is of two kinds -- specific intent murder and felony murder. Second degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. Second degree murder may also be the killing of a human being without the specific intent to kill or to inflict great bodily harm, but committed while the offender was engaged in the commission of an armed robbery or an attempted armed robbery.

I will explain the distinctions between the crimes to you. A first degree murder has three elements of which a killing is the most obvious and essential. When the killing is accomplished by two additional con- ditions, that is, the specific intent

10

to kill or to inflict great bodily harm element and the aggravating circumstance element, the killing is first degree murder.  When the killing is accompanied by only one of those circumstances, it is second degree murder. So, if you find that the defendant killed the victim, and that he did so with the specific intent to kill or to inflict great bodily harm, and if this took place in this parish on or about the date specified in the Bill of Indictment, then you shall find him guilty of second degree murder.  Or, if you find that,

1.  The defendant killed the victim without the specific intent to do so, but that the killing took place during the commission of an armed robbery or attempted armed robbery, and that this took place on or about the date specified in the Bill of Indictment, then you shall find the defendant guilty of second degree murder.

The third verdict is that of manslaughter.  Manslaughter is the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm, but that intention is conceived in some sudden passion or heat of blood immediately caused by some provocation sufficient to cause a reasonable

11

man to lose his self control or cool reflection. Please note the requirements of this case. Although the defendant intended to kill the victim, he must have formed this intention in a state of emotional distress or hot blood that caused him to lose his normal self control. You must also determine that the incident that caused him to lose his self control would have had the same effect on a reasonable man. You must determine that in the interval between the provocation and the killing defendant did not regain his normal self control and cool reflection, and further, that a reasonable man would not have regained his self-control in a similar interval. So, if you find that the defendant killed the victim and that he did so with the specific intent to kill or inflict great bodily harm, but that this intention was formed in some sudden passion or heat of blood, and that this passion or heat of blood was caused by some incident which would have caused a reasonable man to lose his self control and cool reflection, and that in the interval between the provocation and the actual killing the defendant did not recover his self control nor would a reasonable

12

man have done so in a similar interval, and that this took place in this parish on or about the date specified in the Bill of Indictment, then you should find the defendant guilty of manslaughter.

The fourth verdict to this charge is that of not guilty.

Justification.  A homicide is justifiable when committed in self defense by one who reasonably believed that he is in immediate danger of losing his life or of receiving great bodily harm, and that the killing is necessary to save himself from that danger, or when committed for the purpose of preventing a violent or forcible felony involving danger to life or great bodily harm by one who reasonable believed that such an offense is about to be committed and that such action is necessary for its prevention.  The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life if he attempted to prevent the felony without the killing.  But please note an aggressor, that is, the person who initiates the conflict or brings on the difficulty cannot claim the right of self defense, unless he

withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. If you find that by a preponderance of the evidence the defendant has raised the defense of justification, then the burden is upon the State to show that the homicide was not committed in self defense.

Now, you, ladies and gentlemen, took an oath at the outset of this trial to render a true verdict according to the law and to the evidence. Now, both the State and the Defense are entitled to that kind of verdict. Your sworn obligation requires each of you to give the matter before you the best thought at your command and to form your conclusions only upon the law and the evidence presented to the exclusion of any other fact or circumstance. Each of you, there-fore, in order to arrive at your own verdict must carefully and conscientious-ly weigh and appraise the evidence and apply the law according to your own best judgment and understanding. While it is the duty of each of you to do your own thinking and to reach your own verdict the attainment of this purpose does not involve or con-template remaining aloof from your fellow

jurors. If that rugged individualism had been intended the law would have provided for the isolation of jurors and for their solitary and seclusive meditation. Instead, the law provides that you sit and deliberate together. And hence while no juror should surrender their judgments or their consciences, neither should any of you all be obstinately closing your minds to the persuasion of your fellow members. Rather, it is the purpose and intent of the law and the evidence before you to discuss them fully and freely, carefully and conscientiously, thoroughly and temperately, all to the end that you may reach a verdict that will serve the ends of justice. Now, both the State and the Defense are entitled to the individual appreciation of the evidence and the law of this case from each and every one of you. You have a right to discuss the evidence and the law among yourselves, and you have a right to attempt to change the opinion of a fellow juror provided you attempt to change your opinion based on the law and the evidence. Once you arrive at a conclusion based on the law and the evidence, both the State and the Defense are entitled to that conclusion.

15

Now, jurors must rely on their memory in reaching a verdict. You all shall not be permitted to refer to notes or have access to any written evidence. Testimony shall not be repeated to the jury. Upon a request of a juror and in the discretion of this Court, I may allow you to have sent to you or you may take with you any object or document received in evidence when a physical exam is required to enable you to arrive at a verdict. When you retire to the jury room you should select one of your number as your foreman. It will require all 12 of you to agree upon any legal verdict.

I'm sending upstairs a sheet of paper which has writing on the front and back. The front is the responsive verdicts, and that's for everyone's convenience. They are guilty as charged; guilty of second degree murder; guilty of manslaughter; and not guilty. On the back is for the foreman only, and he or she ... We've already typed in all the essentials. We've put the date, New Orleans, Louisiana, 5 March, 1991, and we even wrote in the sentence, "We, the jury, find the defendant, Leonard Nelson, to be ..." and then a blank for one of these responsive verdicts on the opposite

page to go in that blank.  And it has to be written in the foreman's hand, written out, not by number, as it is written on the front side of this page. Then the foreman will sign his or her name on the space provided.  Now, if after retiring you desire to be instructed on any matter of law, you are free to return to the courtroom and I will reread any part of the charge that you request or furnish you with any other legal proposition that may be pertinent.

Now, ladies and gentlemen, before I send you upstairs to begin your deliberations, I would like to thank Ms. Scott.  You are excused. Your services will not be needed as an alternate.  Do you have anything upstairs?

BY THE JUROR:

Yes.

BY THE COURT:

WOuld you get that please before I send the jury up.

REPORTER'S NOTE:

The alternate juror exited the courtroom.

BY THE COURT:

Sheriff, would you get the jury ready to go upstairs, please, and hand this to one of their number on the way up.  YOu all just go up and follow ... Wait on the steps until the alternate comes down.  Okay? Get up there and make sure she doesn't

17

                         talk  to them.  Okay?
BY THE DEPUTY:

        All right.


REPORTER'S NOTE:

        The jurors exited the courtroom for deliberations.
* * * * *

_____

C E R T I F I C A T E

I certify that I recorded and transcribed the afore-going proceedings in the Court's Charge to the Jurors in the matter of <u>State of Louisiana vs.Leonard Nelson</u>, Case No. 344-648, Section "H", held in open court on March 5, 1991, before the Honorable James F. McKay, III, judge presiding, Section "H".

*Miriam B. Geerken*

MIRIAM B. GEERKEN, C.S.R.

19